

**District of North Dakota: District Court of The United States of America For the Geographical Jurisdiction of Grand Forks, North Dakota, In North America, the Continental United States of America, at North Dakota, U.S.A.**

T WILLIAMS BEY [sic] etc. on relation of TERRANCE MUHAMMAD-SHABAZZ WILLIAMS BEY, Petitioner

**U.S. Office of Probation Casefile 950571**

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF PETITION AND PETITION FOR MODIFICATION, CANCELLATION, OR TERMINATION OF POSTSENTENCE ADMINISTRATION OF CONDITIONS OF PROBATION

A1-1.   The laws of no nation can justly extend beyond its own territories, except so far as regards its own citizens.

A1-2.   The legislation of every country is territorial; that beyond its own territory, it can only affect its own subjects or citizens." Such extra-territorial commands must be limited to regulating the conduct of persons or personality, natural or artificial, who owe the state obedience;

A1-3.   As a U.S. non-citizen national, a Moorish-American National (a "Moor"), a free inhabitant of the Country, and a Citizen of the U.S.A., Petitioner enjoys extraterritorial rights, privileges and immunities. Moorish American Treaty, Article 14, 8 Stat. 484. American Constitution, 1777, Article IV, the Articles of Confederation.

A1-4.   The seizure of a person not a subject, or of a vessel not belonging to a subject, made on the high seas, for the breach of a municipal regulation is an act which the sovereign cannot authorize.

A2-1.   There is sufficient reason for identifying the situs of a judgment. For though the obligation of a judgment is a mere chose in action, the judgment itself, out of which the obligation arises, is physically enrolled upon the books of the tribunal which rendered it, and is solely within control of that tribunal.

A2-2.   The situs of the January 25, 2016 judgment is the United States (*noun:* "U.S."), Washington, District of Columbia ("DC"), the Commonwealth of Puerto Rico, the U.S. Virgin Islands, Guam, or a territory or possession of the United States.

A2-3.   The United States has authorized its Attorney General in the District of Columbia to establish in the Department of Justice a repository for records of convictions and determinations of the validity of such convictions.

A2-4.   Upon the conviction of a defendant in a court of the United States, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for an offense punishable in such court by death or imprisonment in excess of one year, the court is obliged to cause a certified record of the conviction or determination to be made to that repository in such form and containing such information as the Attorney General of the United States may by regulation prescribe.

A2-5.   "United States", when used in a geographical sense, includes Puerto Rico and all territories and possessions of the United States (*noun:* "U.S.")

A2-6.   Washington, District of Columbia, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, Guam, or a territory or possession of the United States is the situs of the January 25, 2016 judgment of the sentencing court.

A3-1.   "The Code" means the official codification of general laws, joint resolutions, and permanent acts, published by the Senate and House of Representatives for the United States (*noun:* "U.S."). The Code does not include the Public

Law, the Law of Nations, or the Common Law, save the municipal law and domestic laws of the United States (*noun*: "U.S."). Thus, the Code includes merely the municipal law and domestic laws of the United States (*noun*: "U.S.").

**A3-2.** The "Congress of the United States (*noun*: "U.S.") is the Senate and House of Representatives; and' the "Senate and House of Representatives" is the Congress for the United States (*noun*: "U.S."). The "enacting clause" of all general laws is: "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled"; and, the enabling clause of all joint and concurrent resolutions is: "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled."

**A4-1.** The Opening Clause of PUBLIC LAW 98-473—OCT. 12, 1984, 98 STAT. 1837 is: "Joint Resolution ¶ Making continuing appropriations for the fiscal year 1985, and for other purposes [H.J. Res. 648] ¶ *Resolved by the Senate and House of Representatives of the United States of America in Congress Assembled,*". House Joint Resolution 648.

**A4-2.** PUBLIC LAW 98-473—OCT. 12, 1984, 98 STAT. 1837, SEC. 211—SENTENCING REFORM ACT OF 1984, CHAPTER 229—POSTSENTENCE ADMINISTRATION SUBCHAPTER A.—Probation does not include an enacting clause, to wit, "<u>Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.</u>"

**A4-3.** "PUBLIC LAW 98-473—OCT. 12, 1984, 98 STAT. 1837, SEC. 211—SENTENCING REFORM ACT OF 1984, CHAPTER 229—POSTSENTENCE ADMINISTRATION SUBCHAPTER A.—Probation" is non obligatory In North America, The Continental United States of America, At North Dakota, U.S.A.

**B1-1.** "Personal status" is a vested personal condition or relation; a permanent condition or relation not created and destroyed by an *act of legislation or by mere consent of two or more parties*. Personal status may be divided into two general classes: absolute status and domestic relative status.

**B1-2.** "Absolute status" comprises cases of static personal condition, such as personality, natural or artificial, legitimacy, nationality, office or rank. "Relative status" comprises cases of static relation between persons.

**B2-1.** TERRANCE MUHAMMAD-SHABAZZ WILLIAMS BEY, Petitioner, is a U.S. Non-Citizen National, a Moorish-American National (a "Moor"), having dominion and inhabitation of the present Moroccan Empire, on the Land of his ancient forefathers. Petitioner is a free inhabitant entitled to all privileges and immunities of free citizens in the several States, and Petitioner enjoys absolute status and the protection of a Moorish-American Treaty, Article 14, 8 Stat. 484; the American Constitution of 1777, Article IV, Articles of Confederation. American Constitution of 1787, Article VI, Clause 1.

**B2-2.** TERRANCE MUHAMMAD-SHABAZZ WILLIAMS BEY, Petitioner, a U.S. Non-Citizen National, derives the natural absolute status of a "Citizen of the U.S.A." because Petitioner is a natural descendant of ancient Moroccans (the "Moors") born in America enjoying absolute status and the protection of a Moorish-American Treaty, Article 14, 8 Stat. 484.

**B2-3.** As a Moor, "Petitioner" is respected, esteemed, and on the same footing as is the most favored Nation. Indeed, *and as a matter of law, Petitioner (a "Moor") has full Liberty to pass and repass his native Country and Sea Ports whenever he pleases without interruption.* See, American Constitution of 1787, Article VI, Clause 2: Article 14, 8 Stat, 484.

**C1-1.** More than one of the discretionary conditions of probation are not reasonably related to the nature and circumstances of the offense; or, the post-sentence administration of U.S. Probation casefile 950571 includes a more limiting condition of probation than the maximum allowed. To illustrate, consider a "discretionary condition" that probationer refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons; and, consider a "discretionary condition" that probationer reside at, or participate in a program of, a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of probation.

**C1-2.** A *Citizen of the U.S.A. who has been sentenced to probation or placed on probation need only be supervised by a U.S. Probation Officer to the degree warranted by the conditions specified by the sentencing court.* The conditions specified by the sentencing court are clearly set forth in a transcript of the minutes of the January 25, 2016 sentence

**"I AM A U.S. NON-CITIZEN NATIONAL" "MY NATIONALITY IS MOORISH-AMERICAN" "I AM A CITIZEN OF THE U.S.A." (Rev.)**

...

proceeding. A U.S. citizen employee or U.S. probation officer may instruct a U.S. probationer, who is under his supervision, as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions.

C1-3.   However, there is at least one problem with the written statement furnished by a U.S. Probation Officer for post-sentence administration of U.S. Probation Casefile 950571.

C1-4.   First, the written judgment contains thirteen so-called "standard" conditions of supervision that the judge did not mention at the sentencing hearing.

C1-5.   When there is a conflict between an oral and later written sentence, the oral judgment pronounced from the bench controls.

C1-6.   The oral pronouncement by the sentencing court is the judgment of the court.

C1-7.   Ambiguities in the sentence pronouncement must be construed in favor of the defendant.

C1-8.   Since the oral version is unambiguous, there is no need to look beyond the oral version for any clarification from the written version. The written version is thus a nullity, not requiring further discussion.

C1-9.   Here, at the sentencing hearing, the judge unambiguously announced several specific conditions of probation and did not include any statement as to whether other standard conditions would apply. Therefore, it must be concluded that the court exercised its discretion in selecting only some of the discretionary conditions to impose. Any new conditions imposed in the later written judgment are inconsistent with the court's oral order.

C2-1.   The judgment, post-sentence administration of conditions of probation, has created an employment disability, employment discrimination, and disabilities under the public policy and civil law of the United States (*noun*: "U.S."). For that cause, Petitioner prays for a decree and judgment staying the employment disability and disabilities existing under the public policy and civil law of the United States (*noun*: "U.S.").

W H E R E F O R E petitioner declares and proclaims that early termination is both warranted and in the interests of justice; and petitioner prays now for modification, cancellation and early termination of U.S. Probation Casefile 950571.

Done In North America, O.A.S.
at North Dakota, U.S.A.
27 September 2016

By:                    /S/

Yours,

TERRANCE MUHAMMAD-SHABAZZ WILLIAMS BEY

*T. Williams Bey*

Brother T. Williams Bey, Sheik/Trustee
C/o. U.S.P.S. Grand Forks Post Office 58203
1416 10th Avenue North # 4, Grand Forks
North America, North Dakota, U.S.A.
Telephone: (718) 452-1011 | Fax: (718) 452-1012
twbey@twbey.org

**To:** Director James C. Duff, Trustee
Administrative Office of United States Courts
C/o. U.S.P.S. District of Columbia Post Office 20544
One Columbus Circle, N.E. Washington, D.C.
North America, U.S.A., O.A.S.

**To:** First Assistant U.S. Attorney Keith W. Reisenauer
District of North Dakota: U.S. Attorney's Office
C/o. U.S.P.S. Fargo Post Office 58102
655 First Avenue North, Fargo, Cass
North America, North Dakota, U.S.A.

**To:** District Clerk/Clerk of Court Robert Ansley, Trustee
District of North Dakota: District Court
C/o. U.S.P.S. Fargo Post Office 58102
655 First Avenue North, Fargo, Cass
North America, North Dakota, U.S.A.

**To:** U.S. Chief Probation Officer Warren H. Wade, Trustee
District of North Dakota: Probation & Pretrial Services
C/o. U.S.P.S. Fargo Post Office 58102
655 First Avenue North, Fargo, Cass
North America, North Dakota, U.S.A.

**"I AM A U.S. NON-CITIZEN NATIONAL" "MY NATIONALITY IS MOORISH-AMERICAN" "I AM A CITIZEN OF THE U.S.A." (Rev.)**